```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

MARIA G. SALAS,                    )   Case No. CV 15-1675-PJW
                                   )
          Plaintiff,               )
                                   )   MEMORANDUM OPINION AND ORDER
     v.                            )
                                   )
CAROLYN W. COLVIN,                 )
Acting Commissioner of the         )
Social Security Administration,    )
                                   )
          Defendant.               )
_____)
```

## I.

## INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he discounted her testimony. For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

II.

SUMMARY OF PROCEEDINGS

In 2011, Plaintiff applied for DIB and SSI, alleging that she had been disabled since September 2008, due to an injury to her right rotator cuff. (Administrative Record ("AR") 87, 202, 220.) After her applications were denied initially and on reconsideration, she requested and was granted a hearing before an ALJ. In July 2013, she appeared with counsel and testified at the hearing. (AR 50-80.) Thereafter, the ALJ issued a decision denying benefits. (AR 27-42.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-19.) She then commenced this action.

III.

ANALYSIS

Plaintiff testified that a right shoulder injury caused her constant pain, even after two surgeries. (AR 56, 617.) She explained that the pain increased when she attempted to do chores, such as cooking, sweeping, mopping, or making her bed. (AR 56-58.) She testified that she took pain medication all the time, which made her feel sleepy and lie down for two hours in the morning and two hours in the afternoon. (AR 57, 63.) According to Plaintiff, the surgery on her shoulder made the pain worse. (AR 57.) She told the ALJ that she had started having problems with her left arm because she had been using it more often since she could not use her right arm. (AR 66.) She claimed that she also experienced pain due to a fractured disc in her neck, for which she had never received treatment, and from her lower back, and that she suffered from frequent headaches, which sometimes caused her to go to the emergency room. (AR 58-59, 62.)

1    The ALJ found that Plaintiff's testimony was not credible
2 because: (1) her daily activities were inconsistent with her
3 allegations of pain and limitation; (2) her condition improved with
4 treatment; (3) her pain was controlled with medication; and (4) the
5 objective medical evidence did not support her allegations.  (AR 34-
6 35.)  For the reasons explained below, the Court finds that the ALJ
7 erred in his credibility finding.[1]

8    ALJs are tasked with judging a claimant's credibility.  *Andrews*
9 *v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  In doing so, they can
10 rely on ordinary credibility techniques.  *Smolen v. Chater*, 80 F.3d
11 1273, 1284 (9th Cir. 1996).  Where there is no evidence of
12 malingering, however, ALJs can only reject a claimant's testimony for
13 specific, clear, and convincing reasons that are supported by
14 substantial evidence in the record.  *Garrison v. Colvin*, 759 F.3d 995,
15 1014-15 (9th Cir. 2014).

16    The ALJ found that Plaintiff's testimony of disabling pain was
17 undermined by her daily activities.  This is a valid reason for
18 questioning a claimant's testimony.  *Orn v. Astrue*, 495 F.3d 625, 639
19 (9th Cir. 2007).  But the evidence here does not necessarily support
20 that finding.  For example, relying on statements Plaintiff
21 purportedly made in Exhibits 3E (AR 226-31) and 5E (AR 234-37), the
22 ALJ found that, because Plaintiff could, among other things, perform
23 light housework, her testimony that her pain precluded her from
24 working should not be believed.  (AR 34.)  The record, however, does

---

[1] The ALJ concluded that Plaintiff could perform full-time, light work except that she could lift or carry no more than 15 pounds occasionally and ten pounds frequently, would be precluded from overhead reaching with her right arm, and would be limited to jobs requiring only occasional movements of her head and neck.  (AR 33.)

not support the ALJ's finding that Plaintiff could perform light housework.  Though Plaintiff reported in Exhibit 5E that she could microwave food--which the ALJ interpreted as cooking simple meals (AR 34)--nowhere in either exhibit did Plaintiff say that she could perform household chores.  In fact, when asked, she reported that she could not.  (AR 230, 236.)  She also testified to that fact at the hearing.  (AR 58 (explaining that she could not cook, sweep, mop, or make a bed).)  Thus, the ALJ's finding that Plaintiff's claims of pain were unbelievable because she could perform household chores is rejected.

    The ALJ also found that Plaintiff's ability to engage in a home exercise program called into question her claims of pain.  (AR 34.)  The record, however, suggests that her home exercise program was merely prescribed range of motion exercises for her shoulder following surgery.  (AR 64, 676.)  The ALJ did not mention this fact and it is hard to conclude that Plaintiff's ability to perform prescribed range of motion exercises undermined her testimony that her pain limited her ability to work.

    The Court also questions the ALJ's finding that Plaintiff's ability to take care of her personal hygiene and to manage her finances, medications, legal affairs, and medical appointments established that her claims that her shoulder and back pain precluded her from working were untrue.  The Court does not see any connection between them.

    The ALJ also relied on the fact that Plaintiff could go shopping with her daughter to pick up groceries to conclude that Plaintiff was exaggerating her claims of pain.  (AR 34.)  Though this is a closer call, the Court does not agree.  Obviously, Plaintiff did not go

shopping daily.  Presumably, her shopping was limited to once or twice a week.  (AR 230.)  This does not seem to be enough to establish that Plaintiff was exaggerating when she claimed that her pain precluded her from working.  Similarly, Plaintiff's ability to use public transportation, also relied on by the ALJ to conclude that Plaintiff was not credible (AR 34), does not seem to be a reason to question her testimony in light of the fact that the record does not disclose the extent of her use of public transportation.

In the end, the Court concludes that the ALJ's reliance on Plaintiff's daily activities to question her testimony is not persuasive because the activities described are minimal at most and the ALJ failed to explain how they undermined her testimony or how the transferred into the workplace.  *See Orn*, 495 F.3d at 639 ("The ALJ must make specific findings relating to the daily activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination") (internal quotation marks omitted).  On remand, the ALJ should address this issue.

The ALJ also questioned Plaintiff's testimony that her pain and limitations prevented her from working based on the fact that her shoulder had improved after her February 2012 surgery.  (AR 34-35.)  The record supports this finding to a point.  In September 2011, Plaintiff told Dr. Gil Tepper that her shoulder pain was at a nine or ten out of ten.  (AR 728.)  On February 1, 2012, she underwent surgery on her right shoulder rotator cuff.  (AR 681-83.)  On February 10, 2012, she told her surgeon, Dr. Rabbani, that the pain was "much improved."  (AR 717.)  In May 2012, she reported that she did not have as much pain and that the pain she had was a level three out of ten.  (AR 711.)  That month, she told her physical therapist that her

mobility, strength, and pain had improved with therapy.  (AR 735.)  On July 6, 2012, Plaintiff again told Dr. Rabbani that she was doing better and that physical therapy was helping with the range of motion in her shoulder.  (AR 709.)  On July 30, 2012, Plaintiff told orthopedist Paul Wakim that her surgery had made her shoulder feel better and that physical therapy was "helping considerably," although she complained of intermittent shoulder pain, aggravated by overhead reaching and physical activity.  (AR 671.)  This evidence supports the ALJ's finding.[2]

On the other hand, the record supports Plaintiff's allegations that her condition did not improve following surgery in February 2012. In July 2012, Dr. Wakim found that her range of motion had not improved in the 12 months since he last saw her, i.e., following the surgery.  (AR 676.)  In August 2012, Plaintiff told Dr. Rabbani that the pain, which she rated at two or three out of ten, was now "occasional."  (AR 730.)  In September 2012, Plaintiff reported intermittent pain at four or five out of ten.  (AR 705.)  In a November 2012 report, chiropractor Christine Abgaryan noted that Plaintiff rated her shoulder pain as a "severe disability," a complaint which Dr. Abgaryan found to be "moderately consistent with her demonstrated physical abilities and function," though the doctor noted also that Plaintiff had not taken pain medication that day.  (AR 648-49.)

---

[2] It is not clear to what extent the ALJ accepted Plaintiff's complaints of pain and limitation in her right shoulder before her February 2012 surgery.  He noted, for example, that she reported that her condition was unchanged after her first shoulder surgery in June 2009 and that her "persistent" pain was not alleviated by injection treatments through 2010 and 2011.  (AR 35.)  On remand, the ALJ should explain whether Plaintiff's pain and limitation precluded her from working prior to her February 2012 surgery.

Dr. Rabbani also examined Plaintiff in November 2012, noting that Plaintiff complained of pain in her shoulder that was present 70% of the time, varying from a level of five out of ten on a good day to seven or eight out of ten on a bad day, but which was alleviated with medications. (AR 740.) This evidence contradicts the ALJ's finding that Plaintiff had "reported ongoing overall improvement in her pain since" July 2012. (AR 36.)

The ALJ's failure to discuss these findings in his analysis mandates remand for reconsideration of the issue. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (holding ALJ's rejection of doctor's opinion not supported by substantial evidence where ALJ selectively relied on records indicating improvement and ignored others that showed "continued, severe impairment").

The ALJ also found that Plaintiff's claims of pain and limitation were questionable because medication alleviated her pain. (AR 34-35.) This, too, is a valid reason for questioning a claimant's testimony, *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding "impairments that can be controlled effectively with medication are not disabling"), and, generally speaking, is supported by the record. (AR 740.) The ALJ did not, however, address Plaintiff's testimony that the medication made her sleep for several hours a day in the morning and the afternoon. (AR 63.) Obviously, this is something that the ALJ was required to do as it would necessarily impact her ability to work. *See, e.g., Garrison*, 759 F.3d at 1015 (reversing ALJ's rejection of claimant's pain testimony in part where prescription pain medications caused side effects including sleepiness and drowsiness and were not that helpful). On remand, the

ALJ should consider Plaintiff's allegations regarding the medication side effects.

Finally, the ALJ found that the objective medical evidence did not support Plaintiff's allegations of pain and limitation. He noted, for example, that examinations of her cervical spine and back were generally unremarkable and that she had not undergone workups or received referrals for these complaints. (AR 35, 36.) Although the ALJ was entitled to consider this evidence in evaluating Plaintiff's credibility, he could not rely on that factor alone to reject her testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). In light of the fact that the Court has taken issue with the ALJ's other reasons for discounting Plaintiff's testimony, a lack of objective medical evidence is not enough to uphold the credibility finding.[3]

IV.

CONCLUSION

For these reasons, the ALJ's credibility determination is reversed and the case is remanded for further consideration.

IT IS SO ORDERED.

DATED: September 8, 2016.

*Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\SALAS, M 1675\Memo opinion and order.wpd

---

[3] Plaintiff has requested that the case be remanded for an award of benefits. The Court recognizes that it has the authority to do so but finds that such relief is not warranted because it is not clear that Plaintiff is disabled. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").